IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GRAVE, : | CIVIL ACTION |
|    Plaintiff, : | |
| : | |
| v. : | |
| : | |
| LOUIS S. FOLINO, et al., : | NO. 05-CV-6294 |
|    Defendants. : | |

ORDER

AND NOW, this _____ day of May 2006, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 9) and Petitioner's Objections to the Report and Recommendations (Doc. No. 10), it is hereby ORDERED that the petition for a writ of habeas corpus is DENIED.  Petitioner has neither demonstrated that any reasonable jurist could find this Court's procedural ruling debatable, nor shown the denial of any Constitutional right.  Accordingly, a certificate of appealability is not granted.

I.     BACKGROUND AND PROCEDURAL HISTORY[1]

The facts leading to Petitioner's arrest and conviction, as summarized by the Pennsylvania Superior Court are as follows:

... [Petitioner] entered an open guilty plea to two counts each of murder in the third

---

[1] In large part, this Court adopts the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells.  In order to more fully address Petitioner's Objections to the Report and Recommendation and to clarify the statutory tolling analysis, the Court sets forth this memorandum.

degree, homicide by vehicle while driving under the influence, simple assault, and one count each of homicide by vehicle and driving under the influence of alcohol or controlled substance. ... His conviction was the result of an automobile accident where [Petitioner], while having a blood alcohol content of .256 percent and traveling at a high rate of speed, proceeded through three red lights and struck a vehicle, resulting in the death of two women in their early twenties. [Petitioner's] vehicle then collided with a third automobile causing injuries to the drive and one passenger. [Petitioner] was sentenced [on February 16, 2000,] to an aggregate sentence of twenty to forty years' imprisonment.

Commonwealth v. Grave, No. 155 E.D.A. 2004 (Pa. Super. Dec. 18, 2003) (citing Commonwealth v. Grave, 792 A.2d 613 (Pa. Super. 2001) (unpub. mem.), at 1-2). On November 1, 2001, the Superior Court affirmed judgment of sentence. Id. at 2. No further direct appeal ensued.

On December 2, 2002, Petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-9546.[2] Id. Counsel was appointed and filed a "no merit" letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988) (en banc); accordingly, the PCRA court dismissed the petition on December 18, 2003. Id. at 2-3. Petitioner filed a timely appeal of the PCRA court decision and, on August 11, 2005, the Pennsylvania Superior Court affirmed the denial.[3] Id. at 1. On September 6, 2005, Petitioner

---

[2] Petitioner argued that he was denied his constitutional right to effective assistance of counsel because counsel induced him to plead guilty to crimes that did not occur, i.e. the "malice" element required for third degree murder was not satisfied, and because counsel failed to file a timely motion to withdraw his guilty plea.

[3] The Pennsylvania Superior Court found that Petitioner's guilty plea was validly entered and that the evidence was "clearly sufficient to meet the definition of malice" required for third degree murder. President Judge Emeritus McEwen wrote a dissent, finding the "representation provided by appointed counsel to be so deficient ... that appellant did not have the required representation by counsel in connection with [the] initial PCRA petition." Judge McEwan also found that the issue of whether malice existed "presents a substantial issue," which rendered the assistance of competent counsel essential.

filed a petition for reargument, which was dismissed on September 13, 2005. Gov't Resp. at 2. Plaintiff also filed a Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc, which was dismissed on November 15, 2005. Id.

    Petitioner's federal habeas petition, filed on December 6, 2005, contains two assertions:

> Ground One: State court applied unreasonable determination of fact and law in ruling voluntary intoxication is sufficient evidence of malice, element necessary to sustain [a] conviction for third degree murder [and]
>
> Ground Two: Petitioner [is] entitled to equitable tolling of AEDPA's one-year filing limitation ... [due to] filing expiration beyond Petitioner's control [and] statutory and actual innocence.

Pet. for Writ of Habeas Corpus ("Pet.") at 9-10.

II.    DISCUSSION

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, generally requires that habeas corpus petitions be filed within one year of the date on which a state court judgment of conviction becomes final.[4] See 28 U.S.C. § 2244(d)(1)(A). A state judgment of conviction is final once direct review is concluded or the

---

[4] While the date on which the petitioner's conviction becomes final is typically the "run" date for the limitations period, see 29 U.S.C. § 2244(d)(1), the statute also permits the limitation period to run from the latest of several events:
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D). These additional deadlines are not herein applicable.

time for seeking such review has expired. See id. Any elapsed time between the issuance of a final judgment and the institution of a petition for state collateral review is subtracted from the allotted year. See Swartz v. Meyers, 204 F.3d 417, 419 n.2 (3d Cir. 2000).

Petitioner was sentenced on February 16, 2000; the state intermediate court affirmed the judgment of sentence on November 1, 2001. Commonwealth v. Grave, 792 A.2d 613 (Pa. Super. 2001). Petitioner did not appeal his conviction to the Pennsylvania Supreme Court; therefore, it became final on December 1, 2001, when his thirty (30) day deadline for seeking allocatur expired. Since his earliest federal filing occurred on December 6, 2005, unless an extension extends Petitioner's AEDPA year, his petition is time-barred.

A.   Statutory Tolling

If, prior to the expiration of his full AEDPA year, Petitioner timely sought collateral review, "[t]he time during which [that] properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending [would] not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see generally Artuz v. Bennett, 531 U.S. 4, 9 (2000). A "properly filed" application for collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). See also Artuz, 531 U.S. at 8 (noting that an application for collateral review is "properly filed" if its "delivery and acceptance are in compliance with the applicable law and rules governing filings," i.e. the form of the document) (citing Lovasz); Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). Furthermore, pendency "includes the time for seeking discretionary review, whether or

not discretionary review is sought." Swartz, 204 F.3d at 421-22.

Petitioner's direct appeal was dismissed by the Pennsylvania Superior Court on November 1, 2001, and Petitioner's conviction became final on December 1, 2001, when the thirty (30) day deadline for seeking review with the Pennsylvania Supreme Court expired. On December 2, 2002, the final day of Petitioner's AEDPA year,[5] Petitioner "properly" filed a PCRA petition. The petition for state collateral relief tolled the AEDPA time period while it was pending. 28 U.S.C. § 2244(d)(2). The PCRA Court dismissed the petition on December 18, 2003, and the Pennsylvania Superior Court affirmed the denial on August 11, 2005. As pendency includes the time for seeking discretionary review, i.e. thirty (30) days, the AEDPA time period resumed running on September 10, 2005. See Pa.R.A.P. 1113(a); Swartz, 204 F.3d at 421-22. Since Petitioner filed his PCRA petition on the last day of the AEDPA year, the limitation period resumed running and expired on September 10, 2005. Neither Petitioner's untimely Petition for Reargument, nor his Petition for Leave to File a Petition for Allowance of Appeal Nunc Pro Tunc, resurrected the expired AEDPA year. See Douglas v. Horn, 359 F.3d 257, 261-62 (3d Cir. 2004). Petitioner filed his federal habeas petition on December 6, 2005, eighty-seven days after the AEDPA year expired. Therefore, statutory tolling does not salvage Petitioner's federal filing.

B.     Equitable Tolling

Petitioner, nevertheless, may be eligible for equitable tolling. The Third Circuit has held that the one-year period of limitation in § 2244(d)(1) does not impose a jurisdictional bar. Miller

---

[5] Since Petitioner's AEDPA year expired on Sunday, December 1, 2002, Petitioner had until Monday, December 2, 2002 to timely file a petition. See Fed. R. Civ. Proc. 6(a).

v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  Thus, a district court may equitably toll the one-year period of limitation when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id.  Such relief is appropriate,

> when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights."  The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims."  Mere excusable neglect is not sufficient.

Id. at 618-19 (alterations in original) (citations omitted); see also Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (citing Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005)).  Specifically, equitable tolling is warranted if: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted).  Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hospital & Medical Center, 165 F.3d 256, 239 (3d Cir. 1999).

   1.   Wrong Forum

Petitioner argues that he timely asserted his rights mistakenly in the wrong forum. See Pet's Reply at 2-3.  In his Objections to the Report and Recommendation of Magistrate Judge Carol Sandra Moore Wells, Petitioner provides a copy of the letter dated November 13, 2002 that he received from the Superior Court of Pennsylvania, informing him that he had improperly filed his motion for post conviction relief and advising him that the motion must be filed in the Common Pleas Court of Philadelphia County.  Pet's Obj., Ex. B.  Petitioner contends that he mailed the PCRA petition to the Superior Court of Pennsylvania on November 1, 2002 and that, after he received the letter informing him that he had misfiled his petition, he "immediately

forwarded the PCRA petition to the proper state court." Id. at 2-3.

Cases interpreting the "wrong forum" element of Jones v. Morton usually refer to a peremptory filing in federal court prior to exhaustion of state law claims, rather than a state collateral relief petition filed in the wrong state court. Satterfield, 434 F.3d at 196. The Third Circuit has yet to decide whether a petitioner who files a state law petition in the wrong state court may invoke the doctrine of equitable tolling for filing in the "wrong forum." Id. In the instant matter, even if this Court equitably tolls the thirty-one day period between November 1, 2002 and December 2, 2002, Petitioner's federal filing, which was eighty-seven days late, will not be salvaged.

    2.    Petitioner's Other Equitable Tolling Arguments

Petitioner claims entitlement to equitable relief because he is actually innocent; however, no broad "actual innocence" exception exists to the AEDPA time provisions, although 28 U.S.C. § 2244(d)(1)(D) provides a limited exception for claims based on new evidence. Petitioner has not adduced such required new evidence; he pled guilty and now seeks a reinterpretation of his mens rea to void the court's finding of third-degree murder and the consequent sentence. This falls short of showing that no reasonable juror/fact finder would have convicted him, as is required to establish actual innocence. See Schlup v. Delo, 513 U.S. 298, 321 (1995).

Petitioner argues that his counsel did not inform him that the Superior Court affirmed his sentence on November 1, 2001. Pet's Obj. at 2. Instead, Petitioner alleges that he discovered the denial of his appeal through his own pro se inquiry on August 9, 2002. Id. However, an attorney's failure to notify a habeas petitioner of a state court decision is not a basis for equitable

tolling. Poller v. Kyler, No. 02-CV-982, 2003 U.S. Dist. LEXIS 14866, at *4-*5 (E.D. Pa. Aug. 26, 2003); see also Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) ("attorney error has not been found to rise to the extraordinary circumstances required for equitable tolling").

Expecting the Superior Court to grant his request for an extension of time to seek reargument, Petitioner ignored the crucial deadline for filing his allocatur petition. Petitioner became aware that the extension was denied "immediately after" he filed his reargument petition on September 3, 2005. Though one week remained to timely file his appeal, Petitioner filed after three weeks had passed. Petitioner delayed another two weeks after the Supreme Court denied his nunc pro tunc allocator petition, on November 15, 2005, to present the instant habeas petition. Petitioner has not shown that he exercised adequate diligence in attempting to file a timely petition.

Petitioner argues that this Court should consider the limited access he had to the prison library during the period from August 15, 2005 through December 6, 2005. Pet's Obj. at 7-9. While this Court is sympathetic to the plight of pro se incarcerated litigants, the present petition does not allege the type of extraordinary circumstances which would warrant equitable tolling. See School District of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("ignorance of the law is not enough to invoke equitable tolling").

Since Petitioner has failed to allege circumstances wherein he has "in some extraordinary way" been prevented from asserting his rights, and he has failed to allege circumstances showing that he "exercised reasonable diligence" in pursuing his claims, equitable tolling is not warranted. See Miller, 145 F.3d at 618-19. Based on Petitioner's unjustifiable pattern of dilatory behavior

and lack of actual innocence, the Court finds that no injustice will occur if this Petition is not reviewed on the merits. The petition warrants dismissal on procedural grounds, without a hearing.

III.  CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus is dismissed without an evidentiary hearing. Since Petitioner has neither demonstrated that any reasonable jurist could find this Court's procedural ruling debatable, nor shown the denial of any Constitutional right, a certificate of appealability is not granted.

BY THE COURT:

/S/LEGROME D. DAVIS

LEGROME D. DAVIS, J.